UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JANE F. SULLIVAN,

        Plaintiff,

        v.

STATE OF WASHINGTON,

        Defendant.

No. CV-06-3071-FVS

ORDER DISMISSING COMPLAINT

    On August 2, 2006, Plaintiff Jane Sullivan filed with this Court a *pro se* civil complaint against the State of Washington. (Ct. Rec. 1). Since Plaintiff is proceeding *in forma pauperis*, the Court is required to screen Plaintiff's Complaint for legal sufficiency pursuant to 28 U.S.C. § 1915.

    **A.  Standards for Screening**

    Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, (1994). The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Id.* A district court has a duty to establish subject matter jurisdiction over the action before it *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960,

ORDER - 1

967 (9th Cir. 2004). Thus, Federal Rule of Civil Procedure 8(a) requires all complaints filed in federal district courts to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]"

Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an *in forma pauperis* complaint *sua sponte* and before service of process if the court is satisfied that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). A complaint is legally frivolous within the meaning of section 1915 "where it lacks any arguable basis either in law or in fact." *Id.* at 325, 109 S.Ct. at 1831-32; *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984). Section 1915 accords a district court discretion to dismiss an *in forma pauperis* complaint as frivolous if it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. Clearly baseless facts are facts "encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992) (citation and internal quotations omitted).

**B.   Plaintiff's Complaint**

Plaintiff's Complaint requests the Court reopen CV-05-3088-EFS and maintain that case in an "open permanent status." In CV-05-3088-EFS, Plaintiff filed a *pro se* civil complaint *in forma pauperis* against the State of Washington. The district court reviewed Plaintiff's Complaint for legal sufficiency and determined it failed

to comply with Federal Rule of Civil Procedure 8(a). Plaintiff was permitted an opportunity to file an Amended Complaint, but Plaintiff's Amended Complaint was eventually dismissed by the district court for failure to comply with Federal Rule of Civil Procedure 8(a). Specifically, the district court concluded Plaintiff's Amended Complaint "failed to (1) state the grounds upon which the Court's jurisdiction was based, (2) explain why Plaintiff was entitled to relief, and (3) make a demand for relief." (Ct. Rec. 49, at 2 in CV-05-3088-EFS). For those reasons, the district court dismissed Plaintiff's Amended Complaint and closed the case. *Id.* Plaintiff appealed the dismissal to the Ninth Circuit. (Ct. Rec. 30 in CV-05-3088-EFS). That appeal was dismissed for failure to prosecution. (Ct. Rec. 50 in CV-05-3088-EFS).

Plaintiff's Complaint in this action seeks in part, the same relief sought in her appeal to the Ninth Circuit in CV-05-3088-EFS. Assuming, without deciding, that the Court could exercise jurisdiction over this matter, the Court does not have the authority to reopen a civil case closed by another judge within this district. All legal issues related to CV-05-3088-EFS may only be pursued through the appropriate appellate process outlined in the Federal Rules of Appellate Procedure and Local Rules for the Ninth Circuit Court of Appeals. To the extent that Plaintiff's Complaint is decipherable, it is based on a legal theory without merit. Because Plaintiff's Complaint lacks any arguable basis in law, the Court find Plaintiff's Complaint is legally frivolous within the meaning of section 1915. Further, the Court finds Plaintiff's Complaint fails to allege facts

ORDER - 3

to support the Court's jurisdiction and reveals no grounds to properly invoke the Court's jurisdiction.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk's Office cannot accept any filings from Plaintiff because the Court has dismissed Plaintiff's Complaint and closed the file.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to **Plaintiff**, and **CLOSE THE FILE.**

**DATED** this 21st day of August, 2006.


*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER - 4